IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JERROLD LADD                     §
                                 §
VS.                              §    CIVIL ACTION NO. 4:11-CV-832-Y
                                 §
METROCARE SERVICES, et al.       §

<u>ORDER GRANTING MOTION TO DISMISS</u>

Before the Court is the Motion to Dismiss (doc. 17) of defendant Metrocare Services ("Metrocare"). After review, the Court will grant the motion.


I.  Background

In March 2009, plaintiff Jerrold Ladd attempted to commit suicide by overdosing on pills. (Am. Pet. ¶ 8.) Following this attempt, Ladd was admitted to Parkland Hospital in Dallas, Texas, where he remained for several days. (*Id.*) Upon his release from Parkland Hospital, Ladd underwent inpatient treatment for depression at Green Oaks Hospital, also in Dallas. (*Id.*) Once released from there, Ladd began receiving outpatient treatment from Metrocare at his home. (*Id.*)

As part of that treatment, Ladd received home visits from defendant Itume Cheatham, a Metrocare employee. (*Id.* at ¶ 9.) During her visits, Cheatham "confided with [Ladd] about her personal life and problems." (*Id.* at ¶ 10.) Ultimately, this lead to Cheatham and Ladd's engagement in "a consensual sexual relationship." (*Id.*)

Cheatham "gave varying accounts" of the nature of her sexual encounter with Ladd. (*Id.* at ¶ 12.) But eventually Cheatham told her supervisor, defendant Michelle Edwards, that Ladd had raped her. (*Id.*) Edwards, in turn, "told Cheatham to report this allegation to the local police department." (*Id.*) Edwards did so, and Ladd was subsequently arrested, incarcerated, and charged with rape. (*Id.* at ¶ 13.)

Sometime later, Metrocare terminated Cheatham's employment purportedly "due to continuing problems with her veracity and character." (*Id.* at ¶ 14.) Nevertheless, Ladd "remained incarcerated for approximately one year until his case was reached for trial." (*Id.*) Eventually, according to Ladd, "the district attorney prosecuting the case realized that Cheatum's [sic] story was false and dismissed the case." (*Id.*)

It is Ladd's position that "[h]ad Metrocare reported all the facts at its disposal regarding [Cheatham], including those related to Cheatham's veracity, it is quite probable that [Ladd], Metrocare's patient, never would have been charged and incarcerated." (*Id.* ¶ 13.) Similarly, Ladd also contends that "it is quite probable that [Ladd] would have been released from his incarceration many months before he was actually released" if Metrocare had "report[ed] all the facts at its disposal, including the fact that it had terminated Cheatum [sic] because of her lack of veracity." (*Id.* at ¶ 14.)

2

Against that backdrop, on September 16, 2011, Ladd filed the instant lawsuit in the 352nd Judicial District Court, Tarrant County, Texas, asserting various state-law claims against Metrocare, Cheatham, and Edwards.[1] Ladd subsequently filed an amended petition, adding claims against all defendants under 42 U.S.C. § 1983. In light of those amendments, Metrocare and Cheatham removed the case to this Court.[2] By the instant motion, Metrocare seeks dismissal of Ladd's claims against it, as well as dismissal of Ladd's state-law claims against Cheatham and Edwards.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See* Fed. R. Civ. P. 8(a). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz v. Sorema N.A.,*

---

[1]   Ladd asserts state-law causes of action against Metrocare for negligence, negligent undertaking, gross negligence, breach of fiduciary duty, and respondeat-superior liability. Ladd also asserts state-law claims against Edwards for negligence and gross negligence. Ladd's state-law claims against Cheatham include negligence, negligence per se, gross negligence, and intentional infliction of emotional distress.

[2]   Ladd has not filed proof of service on Edwards. *See* April 2, 2012 Notice of Intention to Dismiss (doc. 22).

534 U.S. 506, 508 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 555 (2007) (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted) (internal quotation marks omitted).  "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, (5th Cir. 2007) (footnote omitted). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

III. Analysis

    A.   Federal Claims Against Metrocare

Metrocare is "a community mental health and mental retardation center" within the meaning of Texas Health and Safety Code § 534.001.[3] *See* Tex. Health & Safety Code Ann. § 534.001(b)(3) (West 2012).  As such, Metrocare is "an agency of the state, a governmental unit, and a unit of local government" *Id.* §

---

[3]  Ladd devotes much of his response brief to a somewhat convoluted discussion concerning Metrocare's status as a governmental entity.  Ladd's comments on this point are inapposite.  The Court is permitted to take judicial notice of the public records showing that Metrocare is a community mental-health and mental-retardation center. *See* Fed. R. Evid. 201.  Indeed, because Metrocare "supplied [the Court] with the necessary information," the Court must do so. *See* Fed. R. Evid. 201(c)(2); App. to Def.'s Mot. to Dismiss 1-3 (doc. 18).

534.001(c)(1).  "For a municipality to be liable [under 42 U.S.C. § 1983], the plaintiff must show that there was either an official policy or an unofficial custom, adopted by the municipality, that was the moving force behind the claimed constitutional violation." *Duvall v. Dall. Cnty., Tex.*, 631 F.3d 203, 209 (5th Cir. 2011) (citing *Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 694 (1978)).

Ladd alleges that Metrocare violated his "rights to bodily integrity and to be free from substantial and excessive harm including infliction of emotional distress, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. Sec. 1983." (Am. Pet. ¶ 38.)  Aside from this conclusory assertion, however, Ladd does not explain how Metrocare violated his constitutional rights, nor does he even identify what clause of the aforementioned amendments were offended.

Moreover, even assuming Ladd has adequately alleged a constitutional violation, he has not identified any policy or custom of Metrocare that was the moving force behind the violation. "The description of a policy or custom and its relationship to the underlying constitutional violation, . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).  What Ladd's allegations ultimately

challenge is a single instance of misconduct by one of Metrocare's employees and Metrocare's conduct in addressing it.   This is insufficient to imply a municipal policy or custom.  *See Stokes v. Bullins*, 844 F.2d 269, 272 (5th Cir. 1988).

Ladd also asserts a § 1983 claim based on Metrocare's alleged failure to adequately train, supervise, and discipline Cheatham and Edwards.  "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citing *Ok. City v. Tuttle*, 471 U.S. 808, 822–823 (1985)).  To state such a claim, Ladd must allege facts that, if true, would show that (1) Metrocare's training or supervisory procedures were inadequate, (2) Metrocare was deliberately indifferent in adopting the inadequate procedures, and (3) the inadequate procedures directly caused Ladd harm.  *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citations omitted).

Ladd has not alleged any such facts.   Ladd has not, for example, identified any training procedures of Metrocare that were inadequate, nor has Ladd alleged any facts showing that his arrest and incarceration were the result of Metrocare's training or supervisory procedures.   Moreover, Metrocare's alleged failure to inform the police about its concerns over Cheatham's veracity is simply not sufficient to support a finding of deliberate indifference.  *See id.* ("[A] showing of deliberate indifference is

7

difficult, although not impossible, to base on a single incident. Claims of inadequate training generally require that the plaintiff demonstrate a pattern." (citations omitted)); *see also Conner v. Travis Cnty.*, 209 F.3d 794, 796-97 (5th Cir. 2000) ("Deliberate indifference is more than mere negligence. [The plaintiff] must show that in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonable be said to have been deliberately indifferent to the need." (citations omitted) (internal quotation marks omitted)).[4] Therefore, Ladd has failed to state a claim against Metrocare under § 1983.

B.   State-Law Claims Against Metrocare

Ladd also asserts claims against Metrocare for negligence, negligent undertaking, breach of fiduciary duty, gross negligence, and respondeat liability.  But because Metrocare is an agency of the state, it is immune from common-law claims insofar as its sovereign immunity has not been waived.[5]  *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694-96 (Tex. 2003).

---

[4]  Indeed, one could make a reasonable argument that Metrocare's directing Cheatham to notify the police was the appropriate thing to do, regardless of any concerns Metrocare may have had about the legitimacy of the allegations.

[5]  "Both sovereign immunity and governmental immunity 'afford the same degree of protection and both levels of government are subject to the Tort Claims Act.'" *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 n.7 (5th Cir. 2010) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008)).

Ladd has not identified any Texas statute providing for a waiver of Metrocare's immunity in this case. And while the Texas Tort Claims Act ("TTCA") waives the State's sovereign immunity with respect to certain types of claims, none of those claims is present here. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2012). In view of this, the Court must conclude that Metrocare is immune from suit and liability on Ladd's state-law claims.

C.   State-Law Claims Against Cheatham and Edwards

Section 101.106 of the Texas Civil Practice and Remedies Code provides that "[t]he filing of a suit under [the TTCA] against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. Rem. Code § 101.106(a) (West 2012). Thus, "[i]f a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. Rem. Code. § 101.106(e).

Moreover, the statute's reach is not limited to tort claims for which the TTCA waives immunity. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 463 (5th Cir. 2010). Rather, because the TTCA is the only avenue for common-law recovery against a governmental unit, "if a plaintiff brings virtually any state common law tort claim

9

against both a governmental unit and its employees, § 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves." *Id.* Therefore, given that Metrocare has so moved, Ladd's state-law claims against Cheatham and Edwards should be dismissed.[6]


IV.  Conclusion

Based on the foregoing, the Court concludes that Ladd's claims against Metrocare should be dismissed, along with Ladd's state-law claims against Cheatham and Edwards.  Accordingly, Metrocare's motion to dismiss is GRANTED.  All claims in the above-styled and -numbered cause against Metrocare are DISMISSED WITH PREJUDICE. Likewise, Ladd's state-law claims against Cheatham and Edwards are DISMISSED WITH PREJUDICE.

SIGNED April 19, 2012.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that Ladd's response brief does not address Metrocare's argument on this point.

TRM/dc                              10